UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEWIS L. BOND, | |
| Plaintiff, | No. 16 C 8996 |
| v. | Judge Thomas M. Durkin |
| ANDREW PERLEY; CHIEF OF POLICE OF GLENCOE POLICE DEPARTMENT; VILLAGE OF GLENCOE; GLENCOE POLICE DEPARTMENT, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Lewis Bond pro se alleges that he was arrested on a complaint of domestic battery by Detective Andrew Perley of the Glencoe Police Department on August 7, 2012. Bond was later found guilty of that charge and sentenced to 275 days in Cook County Jail. Bond alleges that his arrest and prosecution violated his federal civil rights because Detective Perley, rather than the victim, signed the complaint that formed the basis for his arrest warrant and conviction. Defendants filed a motion to dismiss arguing that Bond's claims (1) are barred by the *Rooker-Feldman* doctrine; (2) are barred the *Heck v. Humphrey* doctrine; (3) are untimely; and (4) fail to state a claim. R. 22. For the following reasons, Defendants' motion is granted.

**Counts I-IV**

In Counts I, II, III, and IV, Bond alleges that (1) Detective Perley arrested him without probable cause in violation of the Fourth and Fourteenth Amendments;

(2) his prosecution violated the Fourth Amendment; and (3) Glencoe failed to properly train its police officers. The *Rooker-Feldman* doctrine does not apply to these counts. The Supreme Court has emphasized that the *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005). Counts I through IV all seek damages based on the alleged misconduct of Detective Perley and the prosecutor, alleging that they acted without probable cause. These claims do not directly challenge the state court criminal judgment against Bond, so *Rooker-Feldman* is inapplicable. *See Evers v. Outagamie Cty.*, 74 F.3d 1242 (7th Cir. 1996) ("The district court concluded that the Evers' first and third claims were challenges to their sentences. If that conclusion were correct, then the district court would lack jurisdiction over these two claims under the *Rooker-Feldman* doctrine. Alternatively, if the Evers were challenging 'actions whose unlawfulness would render a conviction or sentence invalid,' the district court would instead be required to dismiss these two claims under *Heck v. Humphrey,* given that the Evers did not allege that their convictions or sentences had been invalidated.").

However, these counts are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a complaint must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487. Claims that imply the invalidity of a

2

state court criminal judgment must be brought by a petition for habeas corpus pursuant to 28 U.S.C. § 2254 while the state court defendant is in custody.

Bond argues that he is not challenging his conviction, but rather "the conduct of the state actor that led to the violations of his due process rights." R. 31 at 10. It is true that *Heck* does not prohibit plaintiffs from bringing § 1983 false arrest claims *per se*, as "a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). Nevertheless, *Heck* serves as a bar to false arrest claims if "specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). That is the case here. Bond was arrested, prosecuted, and convicted on the basis of Detective Perley's complaint. A decision from this Court that Detective Perley's complaint, and any prosecution based on his complaint, violated Bond's civil rights would necessarily imply the invalidity of Bond's conviction. Therefore, Counts I, II, III, and IV must be dismissed pursuant to *Heck*.

**Count V**

In contrast to the first four counts in Bond's complaint, Count V is barred by *Rooker-Feldman*. In Count V, Bond alleges that the "court ignored the procedural defect [in Detective Perley's complaint] and proceeded with the trial and convicted [Bond] and sentenced him." R. 1 ¶ 64. Bond goes on to allege that he is "aggrieved by the judgment." *Id.* ¶ 65. This is precisely what the *Rooker-Feldman* doctrine

3

prohibits. Thus, the Court does not have subject matter jurisdiction over Count V and it is dismissed.

**Statute of Limitations**

Furthermore, Bond's claims are untimely. All of his claims are brought pursuant to Section 1983. Claims brought pursuant to Section 1983 are governed by the forum state's statute of limitations for personal injury claims, which in Illinois is two years. *See Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). All five of Bond's claims accrued no later than March 27, 2013, when the state court entered judgment against him. The statute of limitations ran two years later on March 27, 2015. Bond did not file this case until September 16, 2016. Therefore, it is untimely and would have been dismissed even if *Heck* and *Rooker-Feldman* were not applicable to any of Bond's claims.

Bond argues that the statute of limitations for his claims should have been tolled while "the appellate action was pending, as that court was in a position to grant relief from the original injury by vacating his criminal conviction. R. 31 at 8. But of course, on appeal in state court Bond was seeking to overturn the state court's judgment, not to vindicate his civil rights as he hopes to do with Counts I, II, III, and IV. That distinction is the basis of the Court's jurisdiction over Counts I, II, III, and IV. Were that distinction absent, and were Bond seeking to overturn the state court judgment against him in this Court, Counts I, II, III, and IV would also be barred by *Rooker-Feldman*. Since the injury at issue in those counts is one to Bond's civil rights, and not the state court judgment against him, there was no

reason for him to wait until his criminal appeal was complete to file this case. Thus, tolling is not appropriate.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss, R. 22, is granted. Counts I, II, III, and IV are dismissed with prejudice, as any attempt to amend them would be futile. Since the Court has dismissed Count V for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, the claim is dismissed without prejudice. *See Downs v. IndyMac Mortg. Servs., FSB*, 560 Fed. App'x 589, 592 (7th Cir. 2014). Since Count V is dismissed without prejudice, this decision does not serve to prohibit Bond from filing that particular claim in state court. The Court, however, expresses no view as to whether such an action would be timely or would otherwise be properly filed in state court.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 20, 2016